IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Pecan Properties, Inc. | ) | Case No. 11-10323-M |
| | ) | Chapter 11 |
| | ) | |
| Debtor-in-Possession. | ) | |

## MOTION TO DISMISS CASE

Pecan Properties, Inc., ("Pecan") the above-captioned Debtor-in-Possession, moves this Court for dismissal of its bankruptcy case pursuant to 11 U.S.C. Section 1112(b) and F.R.Bankr.P. 2002(a)(4). In support of this Motion, Pecan would show this Court as follows:

1. Pecan filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on February 18, 2011.

2. Pecan has been operating as Debtor-in-Possession since the filing of this case pursuant to 11 U.S.C. Sections 1107 and 1108. No Trustee or Examiner has been appointed in this case.

3. Pecan owns the following commercial office buildings:

    a. 3000 Center, 3015 E. Skelly Dr., Tulsa, Oklahoma 74105

    b. 3100 Center, 3105 E. Skelly Dr., Tulsa, Oklahoma 74105

(the "Commercial Buildings").

4. Pecan leases office space in the Commercial Buildings to a variety of tenants.

5. By far, Pecan's largest creditor is Valley National Bank ("Valley"). Valley holds a claim in the approximate amount of $3,771,000.00 secured by recorded mortgages on the Commercial Buildings.

6. The value of the Commercial Buildings mortgaged to Valley is $6,287,000.00.

7. Valley has agreed to loan additional funds to Pecan in the approximate amount of $309,000.00 upon the dismissal of the Pecan's bankruptcy case so that the ad valorem taxes owed to the Tulsa County Treasurer and the non-insider unsecured creditors can be paid in full in this case.

8. Other than Valley, Pecan's creditors are:

| Name | Class | Amount |
| --- | --- | --- |
| Tulsa County Treasurer | Secured | $72,010.69 |
| Grand Bank | Secured | $74,900.20 |
| 401(k) unpaid contributions | Priority Unsecured | $3,982.16 |
| Unsecured Claims | General Unsecured | $260,641.90 |

9. Upon dismissal of Pecan's bankruptcy case, Valley and Pecan have agreed to a new loan in the approximate amount of $4,080,000.00, accruing interest at 3.25% per annum. This loan matures on September 30, 2012. During the term of this loan, Pecan is required to make monthly payments of interest only.

10. With the refinancing and loan of additional funds, Pecan shall pay the claim of the Tulsa County Treasurer and all priority unsecured and non-insider general unsecured claims. The loan of additional funds includes an amount Pecan owes to Mark W. Swadener which will be used to pay accrued and unpaid interest to Valley. All non-insider general unsecured creditors shall be paid in full from the loan of additional funds.

11. Pecan and Grand Bank have also agreed to new loan terms. Grand Bank's secured claim of $74,900.20 shall be paid with interest at 5.5% per annum with monthly payments of principal and interest amortized over a 120- to 180-month period.

12. Any fees owed to the Office of the United States Trustee shall be paid upon dismissal of this case.

13. This Court shall retain jurisdiction of this case for the specific purpose of determining the allowance of the reasonable attorney's fees of Pecan's counsel.

14. Dismissal, rather than conversion, of this case is in the best interest of all creditors and parties in interest because:

    a. Pecan will be able to satisfy all of its secured and unsecured creditors.

    b. There is sufficient equity in the Commercial Buildings to satisfy all creditors; however, there are no pending contracts to sell the Commercial Buildings, nor have there been any offers submitted since the commencement of this case. Dismissal of the case will result in the unsecured creditors of this case receiving an immediate full and complete payment rather than waiting until the Commercial Buildings sell or the cash flow from the Commercial Buildings increases to a point where monthly payments could be made to satisfy the unsecured claims pursuant to a plan of reorganization.

    c. Pecan and its secured creditors have negotiated payment terms which are feasible with Pecan's current cash flow.

ACCORDINGLY, for good cause and upon consideration of the grounds above stated, Pecan requests that the Court dismiss this case.

Respectfully submitted this 10th day of June, 2011.

        RIGGS, ABNEY, NEAL, TURPEN,
        ORBISON & LEWIS

        */s/ Scott P. Kirtley*
        Scott P. Kirtley  OBA # 11388
        502 West 6th Street
        Tulsa, OK 74119
        Telephone: (918) 587-3161
        Facsimile: (918) 587-9708

        Attorneys For Pecan Properties, Inc.